**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**OLANDIS DEAN HOBBS,**
      **Petitioner,**

v.                                          **Case No. 5:23cv298-TKW/MAF**

**STATE OF FLORIDA, et al.,**
      **Respondents.**
_____/

**ORDER and
<u>REPORT AND RECOMMENDATION</u>**

On or about November 7, 2023, Petitioner Olandis Dean Hobbs, a state detainee at the Bay County Jail, filed a pro se "Motion for Emergency Hearing for Writ of Habeas Corpus." ECF No. 1. After direction from this Court, *see* ECF No. 3, Hobbs filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the appropriate form, ECF No. 4, as well as an attachment, ECF No. 4-1. He has also filed a "Prayer/Motion for Removal Due to Diversity Jurisdiction," ECF No. 12, and a "Motion for Review of Previous Motion for Judgement of Acquittal and Determination on the Merits," ECF No. 13.

On February 23, 2024, Respondent filed a motion to dismiss the petition, with exhibits. ECF No. 16. Petitioner has filed a reply. ECF No. 22; *see* ECF No. 23.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the petition should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court). Petitioner's pending motions, ECF Nos. 12 and 13, are denied.

## **Procedural Background**

Petitioner Olandis Dean Hobbs challenges his pre-trial detention in Bay County Circuit Court case number 2023-CF-180, in which he has been charged with five counts:

> (1) unlawful filing of false documents or records against real or personal property, a third degree felony, in violation of section 817.535, Florida Statutes (2022);
>
> (2) grand theft over $100,000, a first degree felony, in violation of section 812.014(1), Florida Statutes (2022);
>
> (3) fraudulent use of personal identification information, a first degree felony, in violation of section 817.568(2)(c), Florida Statutes (2022);

    (4) uttering a forgery, a third degree felony, in violation of section 831.02, Florida Statutes (2022); and

    (5) forgery, a third degree felony, in violation of section 831.01, Florida Statutes (2022).

ECF No. 4 at 2; *see* ECF No. 16 at 2; Ex. D.[1]  Respondent indicates Hobbs was arrested on January 13, 2023, pursuant to a warrant.  ECF No. 16 at 2; Ex. B.

In his § 2241 petition, Hobbs raises six grounds:

(1) "I am detained by reason of a warrantless arrest."  ECF No. 4 at 3.

(2) "My right to be let alone is being violated."  *Id*.

(3) "The State withholds Brady material."  *Id*. at 4.

(4) "My right to Habeas Corpus has in effect been suspended."  *Id*.

(5) "I am being denied pretrial release."  *Id*. at 5.

(6) "I was collaterally attacked in a latched [sic] civil suit which suffered me irreparable harm."  *Id*.

As relief, he "seek[s] liberty."  *Id*. at 2; *see id*. at 6.

In the motion to dismiss, Respondent indicates that, at proceedings held in state court on April 20, 2023, Hobbs, through counsel, waived speedy trial.  ECF No. 16 at 2; *see* Ex. E.  Respondent further indicates that, as of the date of the filing of the motion to dismiss, February 23, 2024, the last

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No.16.

action in state court was the denial of a motion for reduced bond, with pretrial set for February 27, 2024. ECF No. 16 at 2; *see* Ex. F. Respondent notes that "it does not appear that Petitioner has exhausted his state court remedies with respect to any of the grounds presented." ECF No. 16 at 5, n.1. Respondent cites Younger v. Harris, 401 U.S. 37 (1971), asserts the abstention doctrine applies here, and requests the Court dismiss this case. ECF No. 16 at 5-9.

In his reply, Hobbs asks the Court not to dismiss the case. ECF No. 20 at 1. Hobbs asserts exceptional circumstances exist, given "the tactics of the State avoiding [his] right to proceed" and "arresting [him] without warrant." *Id*. at 1-2. He asserts he "has satisfied the Court's required Younger hurdles, thus conferring jurisdiction on this Court." *Id*. at 3. He asserts:

> I can continue to prove and have proven with evidence (1) the state proceedings are motivated by bad faith; (2) irreparable injury would continue to [occur] to me because to convict an innocent man violates his rights beyond repair. My trust company and estate will be destroyed and essentially with this type of charge I will never be able to do business in the state of Florida again. Never be able to file a document. (3) There is no adequate state forum where constitutional issues can be raised. This is proven because the State has never been directed to answer any of my claims until this proceeding.

*Id*. at 11.  He asserts "special circumstances" exist in this case:  "Over 450 days of detention and no proof of any lawful authority exist to do this.  No proof of guilt & not even proof of probable cause and I can prove this."  *Id*.

## Analysis

Pursuant to 28 U.S.C. § 2241(a), a federal district court may grant a writ of habeas corpus.  "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "State pre-trial detention . . . might violate the Constitution or the laws or treaties of the United States," but "a person held in such pre-trial detention would not be 'in custody pursuant to the judgment of a State court,'" as referenced in and required by § 2254, and thus "[s]uch a prisoner would file an application for a writ of habeas corpus governed by § 2241 only."  Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003).

A state pre-trial detainee generally must exhaust all available state remedies before filing a § 2241 petition.  *See* Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973) (addressing issue raised in § 2241 petition only after concluding petitioner, a pre-trial detainee, exhausted all available state court remedies for consideration of constitutional claim); United States v. Castor, 937 F.2d 293, 296-97 (7th Cir. 1991) (explaining

that "federal courts . . . may require, as a matter of comity, that such [state pretrial] detainees exhaust all avenues of state relief before seeking the writ"). Federal habeas relief may only be granted if state remedies have been exhausted. *See* Johnson v. Florida, 32 F.4th 1092, 1095-96 (11th Cir. 2022) ("It is by now well established that a district court may not grant a § 2241 petition 'unless the petitioner has exhausted all available state remedies.'"); Tooten v. Shevin, 493 F.2d 173, 175 (5th Cir. 1974) ("Although federal courts have the power to release state prisoners before trial, the exhaustion requirement must be fulfilled."). From the filings in this case, it is not clear that Petitioner Hobbs has exhausted his state court remedies, and this petition may be dismissed on that basis, if that is the case. *See* ECF No. 4 at 3-6; ECF No. 16 at 5, n.5. *See, e.g.*, Johnson, 32 F.4th at 1096-97; Ballard v. Florida, No. 1:22cv106-AW/GRJ, 2022 WL 4348482 at *2 (N.D. Fla. June 6, 2022) (Report and Recommendation to dismiss without prejudice habeas petition filed by state pre-trial detainee on exhaustion and Younger grounds), adopted by order of district judge "to the extent it addresses exhaustion," 2022 WL 4331937 at *1 (Sept. 19, 2022).

Further, because proceedings are still pending in state trial court, the federal abstention doctrine precludes interference in those proceedings. *See* Johnson, 32 F.4th at 1099-102. Indeed, a review of the online docket

for Hobbs' Bay County case reveals, as of this date, a jury trial is currently set for May 13, 2024. *See* https://court.baycoclerk.com.

"When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the 'Younger abstention hurdles' before the federal courts can grant such relief." Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262 (11th Cir. 2004). In Younger, the U.S. Supreme Court held, based on principles of comity, equity, and federalism, that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 364 (1989) (citing Younger); *see* Hughes, 377 F.3d at 1263-64. Federal courts consistently abstain from enjoining state criminal prosecutions unless a limited exception applies: (1) evidence indicates the state proceedings are motivated by bad faith; (2) irreparable injury would occur; or (3) no adequate alternative state form exists in which to raise the constitutional issues. Younger, 401 U.S. at 45-49, 53-54; Hughes, 377 F.3d at 1263 n.6.

No Younger exception appears applicable to this federal habeas petition. Hobbs does not make a "substantial allegation" showing his state prosecution is motivated by bad faith, nor has he alleged sufficient facts to show irreparable injury would occur. *See* Younger, 401 U.S. at 48 (noting

bad faith prosecutions are brought with no intention of securing conviction or with intention to harass), 53-54 (explaining irreparable injury exists if statute under which petitioner is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist warranting equitable relief). Further, Florida state courts have adequate and effective procedures for reviewing his claims through appellate and post-conviction proceedings. Accordingly, this Court should abstain from reaching his claims at this point. *See, e.g.*, Turner v. Morgan, No. 3:12cv188-MCR/CJK, ECF No. 3, 2012 WL 2003835 at *3 (N.D. Fla. Apr. 25, 2012) (Report and Recommendation to dismiss without prejudice § 2241 petition filed by state pre-trial detainee), adopted by order of district judge, ECF No. 4 (June 4, 2012).

### Order on Pending Motions

As indicated above, Petitioner Hobbs has also filed two motions: a "Prayer/Motion for Removal Due to Diversity Jurisdiction," ECF No. 12, and a "Motion for Review of Previous Motion for Judgement of Acquittal and Determination on the Merits," ECF No. 13. Neither of these motions have merit. Accordingly, it is **ORDERED** that these motions (ECF Nos. 12 and 13) are **DENIED**.

## Conclusion

Based on the foregoing, Respondent's motion to dismiss (ECF No. 16) should be **GRANTED** and the amended § 2241 petition for writ of habeas corpus (ECF No. 4) should be **DISMISSED without prejudice**.

## Certificate of Appealability

A certificate of appealability (COA) is required for a pre-trial detainee to appeal the dismissal of a federal habeas corpus petition. *See, e.g.,* Johnson, 32 F.4th at 1095 (explaining, in appeal from dismissal of § 2241 petition filed by state pre-trial detainee, appellate court granted COA); Hiteshaw v. Butterfield, 262 F. App'x 162, 163 (11th Cir. 2008) (citing 28 U.S.C. § 2253(c)(1)(A) and Medberry, 351 F.3d at 1063). "Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Buck v. Davis, 580 U.S. 100, 115 (2017).

In this case, Petitioner Hobbs cannot make the requisite showing. Therefore, the undersigned recommends the district court deny a certificate

of appealability in its final order. If Petitioner objects to this recommendation, he may present argument on the issue of whether a certificate should issue by bringing it to the district judge's attention in his objections.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

Therefore, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 16) be **GRANTED** and the amended § 2241 petition for writ of habeas corpus (ECF No. 4) be **DISMISSED without prejudice**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 2, 2024.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections**

Case No. 5:23cv298-TKW/MAF

**within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**